UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20250-CIV-WILLIAMS/REID

HARTFORD CASUALTY
INSURANCE COMPANY,

    Plaintiff,

v.

AIX SPECIALTY INSURANCE
COMPANY, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on Plaintiff Hartford Casualty Insurance Company's ("Plaintiff" or "Hartford") Motion to Remand to Florida State Court (the "Motion to Remand"). [ECF No. 16], and Defendant Colony Insurance Company's ("Colony") Motion to Dismiss (collectively the "Motions"). The Motions were referred to me by the Honorable Kathleen M. Williams for a report and recommendation. [ECF No. 22]. For the reasons addressed below, it is **RECOMMENDED** that Plaintiff's Motion to remand be **DENIED** and Defendant's Motion to Dismiss be **GRANTED in part and DENIED in part**.

**BACKGROUND**

This is an action for declaratory relief and for contribution or indemnity against insurers Colony and AIX Specialty Insurance Company ("AIX"). In June 2017, EWE Warehouse Investments XXXII, Ltd. ("EWE") agreed to lease a portion of a warehouse located at 2525 Northwest 82 Avenue, Doral, Florida 33122 (the "Premises") to Floor and Décor Outlets of

1

America, Inc. ("Floor & Décor"). [ECF No. 1-2 at ¶¶ 9–10]. Under its lease obligations, EWE hired Burke Construction Group, Inc. ("Burke") as general contractor to renovate the premises, including installation of a slab-on-grade foundation. [*Id.* at ¶ 11]. Burke retained Erick Construction Inc. ("Erick") as a sub-contractor to perform concrete and structural steel work at the Premises, including the slab-on-grade foundation installation. [*Id.* at ¶ 12]. In March 2019, Floor & Décor informed EWE that substantial cracks were present in the slab-on-grade foundation. [*Id.* at ¶ 17]. Eventually, a number of lawsuits were filed in Florida state court regarding this dispute. Floor & Décor sued Burke, among others, and EWE also sued Burke and others. [*Id.* at ¶ 7–8]. These suits were consolidated with several other lawsuits, including one brought against Burke by Erick, and another brought against EWE by Concrete Holdings & Services, LLC (collectively "the Underlying Action"). [*Id.*].

As relevant here, in the Underlying Action it is alleged that the construction defects were in whole or in part caused by Erick. Hartford issued a series of commercial generally liability insurance policies to Burke which covered the period of April 16, 2018, to April 16, 2020 (the "Hartford Policies"). [*Id.* at ¶ 19]. Pursuant to these policies, on June 3, 2021, Hartford agreed to defend and indemnify Burke against the claims made by Floor & Décor and EWE. [*Id.* at 20]. Erick, on the other hand, was covered by two separate commercial general liability insurance policies. The first was with AIX which covered the period from April 6, 2018, through April 6, 2019. [*Id.* at ¶ 21]. The second was with Colony which covered the period from April 6, 2019, through April 6, 2020. [*Id.* at ¶ 29]. Both policies included Burke as an insured. [*Id.* at ¶¶ 22, 29].

Pursuant to these policies, Burke sent written notice of its tender of defense and indemnity to both AIX and Colony on numerous occasions. [*Id.* at ¶¶ 21–36]. AIX and Colony denied Burke's requests for coverage upon receipt of each written notice. [*Id.*]. After AIX and Colony denied

2

Burke's requests for coverage, Hartford also sent the insurance carriers a demand for defense and indemnity for Burke. [*Id.*]. These too were denied. [*Id.*].

Then, on December 20, 2022, Hartford initiated the instant suit in Florida state court, in which it (1) requests declaratory relief against AIX and Colony, seeking a declaration that "Burke is entitled to a defense and indemnification," from AIX and Colony under the respective policies; and (2) seeks money damages from AIX and Colony for the full amount of defense costs it incurs on Burke's behalf. [*Id.* at ¶¶ 37–63]. On January 23, 2023, Colony removed the action to this Court, invoking diversity jurisdiction. *See* [ECF No. 1]. Thereafter, Colony filed the instant Motion to Dismiss, and Hartford filed its Motion to Remand, arguing that since AIX did not join in or expressly consent to the Notice of Removal, the case must be remanded under 28 U.S.C. § 1446.

I.  **HARTFORD'S MOTION TO REMAND**

Any civil action originally filed in state court may be removed to federal court under 28 U.S.C. § 1441 if the removing party complies with the procedures set forth in 28 U.S.C. § 1446. "To remove a case to federal court, the Eleventh Circuit requires that all defendants join in a removal petition or consent to removal in cases involving multiple defendants." *Lopez v. Martens*, No. 19-24609-CIV, 2020 WL 6808672, at *3 (S.D. Fla. Aug. 7, 2020), *report and recommendation adopted in part,* No. 19-24609-CIV, 2020 WL 5742594 (S.D. Fla. Sept. 25, 2020) (citing *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001)); *see also* 28 U.S.C. § 1446(b). Failure to comply with this rule, referred to as the "rule of unanimity," constitutes "'a defect in the removal process,' and will result in a remand of the action back to state court." *AHC Ventures, Inc. v. Coetzee*, No. 23-CV-60073-RAR, 2023 WL 2445169, at *2 (S.D. Fla. Mar. 9, 2023) (quoting *Overlook Gardens Properties, LLC v. ORIX USA, L.P.*, 927 F.3d 1194, 1198 (11th Cir. 2019)).

"A removing defendant bears the burden of demonstrating the unanimous consent to removal of all defendants that have been served at the time of removal." *Id.* (internal citation omitted). "A statement by a removing defendant's counsel in the notice of removal that a non-removing defendant has consented to removal has been held sufficient to satisfy the unanimity requirement." *Smith v. Burns*, No. 3:17-CV-1395-J-25JBT, 2018 WL 3625787, at *1 (M.D. Fla. June 19, 2018) (citing *Gannon v. HSBC Card Servs., Inc.*, No. 3:10-cv-852-J-32JRK, 2011 WL 2448912, at *2 (M.D. Fla. Apr. 5, 2011)). A simple statement by the removing defendant, however, that the non-removing defendant "does not oppose" removal has been found to be a technical defect in the unanimity requirement, but is one that can be cured by the non-removing defendant opposing a motion to remand. *See, e.g., Stone v. Bank of N.Y. Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015) (finding that where the non-removing defendant opposed remand, the technical defect of the removing defendant was cured and remand unwarranted); *Bank of America, N.A. v. Zaskey*, No. 9:15-CV-81325, 2016 WL 285156 (S.D. Fla. Jan. 25, 2016) (concluding that the removing defendant's statement that the non-removing party "did not oppose" remand was a technical defect, but was cured when the non-removing defendant "registered its consent to removal … [and] affirmatively represented to th[e] Court that it consented to removal").

Courts in this District, however, have found that a timely removal containing an averment that a non-removing defendant consented to removal is sufficient to satisfy the rule of unanimity. *See Strutts v. Enter. Leasing Co. of Fla., LLC*, No. 19-10113-CIV, 2019 WL 6838505, at *3–4 (S.D. Fla. Dec. 16, 2019), *report and recommendation adopted sub nom. Strutts v. Henry*, No. 19-10113-CIV, 2020 WL 9549671 (S.D. Fla. Feb. 18, 2020) (collecting cases and noting that there is a circuit split on this issue, but that the Sixth and Ninth Circuits have found a defendant's timely

removal which contains an averment that the non-removing defendants consent to removal, and is signed by counsel of record, is sufficient to satisfy the rule of unanimity).

Here, in the Notice of Removal, Colony's counsel stated that "[t]he undersigned has conferred with an attorney for AIX who advised that AIX does not oppose removal of this action, but since AIX has yet to file an appearance in the state court proceeding no counsel is available for this specific case to provide explicit consent." [ECF No. 1 at ¶ 4]. Notably, AIX has never made an appearance in this case either, and a Clerk's default was entered against it [ECF No. 25], after which Hartford filed a Notice of Voluntary Dismissal Without Prejudice, dismissing AIX as a defendant in this case [ECF No. 27]. This militates against remand. Further, the facts of this case, including AIX's failure to appear in the initial state court action and this one, favor the view that Colony's counsel's averment of AIX's consent is sufficient to meet the unanimity requirement. Consequently, the Motion to Remand should be denied.

## II. COLONY'S MOTION TO DISMISS

Colony argues Hartford's Complaint should be dismissed because: (1) Hartford failed to join required parties, namely Burke and Erick, in this action; (2) Hartford's request for declaratory relief is premature before a judgment has been entered that requires indemnification; and (3) "the 'property damage' in this case occurred on or about April 2, 2022, which was four-days prior to the inception of the [Colony] policy." [ECF No. 13 at 2]. Each argument will be addressed in turn.

### A. Whether Burke, Erick, and the Remaining Parties to the Underlying Action Are Required Parties

Dismissal of an action pursuant to Federal Rule of Civil Procedure 12(b)(7), for failure to join a party under Rule 19 requires a two-step inquiry. *Molinos Valle del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011). First, the court must ascertain under the standards of Rule 19(a) whether the absent party is required under Rule 19(a). *Id.*; *see also Fla. Wildlife Fed. Inc. v. U.S.*

5

*Army Corps. Of Eng'rs*, 859 F.3d 1306, 1316 (11th Cir. 2017). If the court determines that the party should be joined, but cannot be, "then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue." *Id.* An absent party

> is considered necessary (i) if, in its absence, the court cannot accord complete relief among the existing parties to the action; (ii) if the nonparty's absence would have a prejudicial effect on that party's ability to protect its interest relating to the subject of the action; or (iii) if, due to the absent party's related interest, the nonparty's absence would leave the existing parties at a substantial risk of incurring inconsistent obligations upon the court's disposition of the current action.

*Moreiras v. Scottsdale Ins. Co.*, No. 20-CV-21303, 2020 WL 2084851, at *1 (S.D. Fla. Apr. 30, 2020) (citing Fed. R. Civ. P. 19(a)(1)).

Second, if an absent party's joinder is infeasible, such as where joinder would divest the court of jurisdiction, the court must consider if "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* at *2 (citing Fed. R. Civ. P. 19(b)). Rule 19(b) provides a list of factors courts should consider in ascertaining whether an absent party is indispensable, including "'whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder' of the absentee." *Id.* (quoting Fed. R. Civ. P. 19(b)). "Those factors 'must be reviewed in light of the pragmatic concerns, especially the effect on the parties and the litigation.'" *Id.* (quoting *Sierra Club v. Leathers*, 754 F.2d 952, 954 (11th Cir. 1985)).

Here, as to the first prong, Colony argues that Burke and Erick are required parties because they are "the beneficiaries of the coverage obligation, if any, that Hartford seeks to establish under the [Colony] policy." [ECF No. 13 at 5]. Colony reasons that "[t]his alone means that their interests are at stake such that the [c]ourt cannot accord complete relief among the existing parties." [*Id.*] (internal quotation marks and citation omitted). Colony further contends that because Burke and Erick are both defendants in the Underlying Action "determining the issue of coverage in their absence would prejudice their ability to protect their interests." [*Id.*]. Additionally, Colony avers

6

that Burke's and Erick's absences "raises a serious risk that [Colony] may incur inconsistent or duplicative obligations, because it is quite plausible that Burke, Erick, or any of the other parties" to the Underlying Action may "eventually file independent suits seeking coverage under the [Colony] policy and obtain a result that is inconsistent with the outcome of this case." [*Id.*].

Hartford, on the other hand argues that under Florida Statute § 624.1055, which is Florida's insurer contribution statute, there is no requirement "that the named insured and additional insured must be joined as required parties in a declaratory action arising out of an insurance policy under section 624.1055." [ECF No. 17 at 3]. In fact, Hartford asserts that it "is actually rather bizarre to suggest that a liability insurer must sue its own insured for whom it is providing a defense in order to achieve relief under the statute." [*Id.*].

As an initial matter, and as Colony notes in its Reply, Hartford seems to misconstrue Fla. Stat. § 624.1055's applicability as it relates to the joinder issue. While in diversity cases state substantive law will apply, procedural issues—such as joinder of parties—is controlled by the Federal Rules of Civil Procedure. *See, e.g., Ward v. Estaleiro Itajai S/A*, 541 F. Supp. 2d 1344, (S.D. Fla. 2008) (noting that "[i]t is well established that when a federal district court exercises its diversity jurisdiction, the court is bound to apply state substantive law and federal procedural law"); *Horowitch v. Diamond Aircraft Industries, Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011) (explaining that "[a]s a federal court sitting in diversity jurisdiction, we apply the substantive law of the forum state, in this case Florida, alongside federal procedural law"). As such, Rule 19, which governs the required joinder of parties, and not § 624.1055, is determinative of whether Burke and Erick are required and indispensable parties. Because Hartford failed to respond to its Rule 19 argument, Colony contends the Court "should construe it as concession that these parties are required under Rule 19, and that absent their joinder dismissal is appropriate under Rule 12." [ECF

7

No. 18 at 3]. Despite Hartford's failure to directly address Colony's Rule 19 argument, the Court will consider the merits of Colony's arguments.

The Court agrees with Colony that Burke and Erick are indispensable parties. The issues here are analogous to cases involving failure to join indispensable parties in breach of insurance contract cases. As in those cases, the absence of Burke and Erick risks exposing Colony to multiple suits with inconsistent results, because Burke and Erick could each independently bring suit against Colony seeking the same relief Hartford does here. *See, e.g., Holland v. Lexington Ins. Co.*, No. 21-14375-CV, 2022 WL 18542008, at *2 (S.D. Fla. Mar. 18, 2022) (concluding that a co-owner of a property, and the insured under an insurance policy was an indispensable party because she "ha[d] and interest in the property and in the instant dispute, and her absence from this lawsuit risks exposing [the defendant] to multiple suits with inconsistent results over the same insurance claims because [the absent party] can bring a separate action … [and further noting that] [c]ourts in this Circuit routinely find that co-owners of insured property and policyholders must be joined in breach of contract actions"); *Rodriguez v. GeoVera Speciality Ins. Co.*, No. 1:18-CV-23585-UU, 2018 WL 10435015, at *2 (S.D. Fla. Sept. 25, 2018) (same); *Moreiras v. Scottsdale Ins. Co.*, No. 20-CV-21303, 2020 WL 2084851, at *3 (S.D. Fla. Apr. 30, 2020) (same); *Senalle v. Geovera Specialty Ins. Co.*, No. 20-23211-CIV, 2020 WL 5574188, at *3 (S.D. Fla. Sept. 17, 2020) (same).

Next, the Court must consider whether it is feasible to join Burke and Erick as parties. Colony contends that joinder is feasible because "the Complaint makes clear that Hartford, the sole Plaintiff, is a citizen of Indiana … whereas Burke and Erick, which would be joined as Defendants, are citizens of Florida." [ECF No. 13 at 5]. As such, Colony contends that "the joinder of Burke and Erick is feasible because once joined the Court will still possess diversity jurisdiction[.]" [*Id.* at 5–6].

Dismissal for failure to join an indispensable party where joinder is presumptively feasible, however, is not the appropriate remedy. *See Senalle*, 2020 WL 5574188, at *4 (noting that where joinder is feasible dismissal under Rule 12(b)(7) is not permitted, rather the most a defendant can request is that the Court order that the indispensable non-parties be added as parties to the instant case). As such, the case should not be dismissed under Rule 12(b)(7), but instead Hartford should include the indispensable parties to this case.

Lastly, the Court must address Colony's argument that the other parties to the Underlying Action are necessary parties to this case. In addition to Burke and Erick, additional parties to the underlying litigation include Floor and Decor Outlets of America, Inc., Cabrera Ramos Architects, Inc., DDA Engineers, P.A., EWE Warehouse Investments XXXII, LTD., and Concrete Holdings & Services LLC d/b/a C&C Concrete Pumping. [ECF No. 1-2 at 5-6 ¶¶ 7-8]. Colony contends "[t]hese parties must also be joined because they have an interest in the outcome of this dispute—to wit, whether there is coverage under the [Colony] (and AIX) policies for any recovery they may obtain or may have entered against them." [ECF No. 13 at 6]. Rule 19, however, does not require joinder of every party that has an interest. A required party is limited to those persons in whose absence "the court cannot accord complete relief among existing parties" or the person who "claims an interest in relation to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Rule 19, Fed. R. Civ. P. Hartford is seeking declaratory relief regarding whether Colony and AIX share responsibility with regard to liability incurred by Burke and Erick, if in fact Burke and Erick are liable. As such, the action must include the insurers and Burke and Erick but does not necessarily require the additional

9

parties to the underlying litigation. A declaratory judgment action must include all parties with adverse legal interests and parties whose interest would be prejudiced if the case were allowed to progress without them." *Kinsale Ins. Co. v. Pultegroup, Inc.*, No. 4:19CV544-MW/MAF, 2020 WL 7629312, at *1 (N.D. Fla. Apr. 15, 2020) (citing *Amerisure Ins. Co. v. R.L. Lantana Boatyard, Ltd.*, No. 10-80429, 2010 WL 4628231, at *2 (S.D. Fla. Nov. 8, 2010)). The other parties to the Underlying Action would not be prejudiced should the suit proceed without them. They seek to determine whether the defect is the fault of the contractors, this federal lawsuit would determine whose insurer should pay. More specifically, Hartford, Burke's insurer, seeks to determine whether it or Erick's insurers should pay for Burke's defense and, if Burke is found liable, whether the contractual terms of the insurance agreement provide for Burke's and Hartford's compensation. Thus, as between Hartford and the subcontractors' insurers, Colony and AIX, a declaratory action establishing whether the Colony and AIX must defend or indemnify Hartford will accord complete relief among existing parties. Finally, neither Colony nor AIX face a substantial risk of incurring multiple or inconsistent obligations by the absence of the parties to the Underlying Action where the parties seek to determine who is responsible for the construction defects. Here, Hartford simply seeks relief on the discrete issue of financial responsibility between the three insurers based on their contractual agreements. In a recent decision, the Eleventh Circuit explained:

> Declaratory actions are especially helpful for third parties—insurance companies in particular. That is because a tort suit against an insured often generates distinct issues beyond whether the insured is liable for the tort, say, whether the insurer has a duty to defend, or whether the insured's policy covers the liability alleged in the complaint. **When the policy does not cover the liability even if all the facts alleged in the complaint are true, declaratory relief enables the insurance company to avoid the tort suit completely.** And even when the policy does apply, a declaratory suit allows the insurance company to resolve its liability without waiting for every individual injured party to sue the insured. Declaratory judgments thus play a valuable role in this context, clarifying insurance companies' liability quickly and directly.

*James River Ins. Co. v. Rich Bon Corp.*, 34 F.4th 1054, 1058 (11th Cir. 2022) (emphasis added) (cleaned up).

In sum, this case between Hartford and the two insurers, once the insureds are included, are the type of cases that efficiently clarify the contractual responsibilities of the insurance companies through declaratory relief. Thus, the parties to the Underlying Action are not indispensable to the resolution of this case.

### B. Whether Hartford's Request for Declaratory Relief of Its duty to Indemnify is Premature

Colony argues that Hartford's request for declaratory relief is premature because it "is not limited just to whether [Colony] has a duty to defend … [but] also seeks a declaration that [Colony] has a duty to indemnify Burke for any judgment that may be obtained against it in the future as a result of the underlying action." [ECF No. 13 at 6]. As Colony sees it, such a request is premature because the Underlying Action is still pending and there has been no determination on liability "let alone a judgment in need of indemnification having been entered." [*Id.* at 6–7]. In support of this assertion Colony has cited a number of cases from this Circuit which have found that the duty to defend is separate from the duty to indemnify, and that a request for a declaration that an insurer has a duty to indemnify is not ripe until liability has been established in the underlying suit. *See* [*Id.* at 7].

Hartford acknowledges that this Circuit's precedent generally supports the position that "an insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." [ECF No. 17 at 7] (quoting *Smithers Const., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008)). But, Hartford argues that Florida substantive law recognizes an exception to this rule, in which the Florida Supreme

11

Court has found that Florida's "declaratory judgment statutes authorize declaratory judgments in respect to insurance policy indemnity coverage and defense obligations in cases in which it is necessary to resolve issues of fact in order to decide the declaratory judgment action." [*Id.*] (quoting *Higgins v. State Farm Fire and Cas. Co.*, 894 So.2d 5 (Fla. 2004)).

To the extent that Hartford seeks to determine facts in dispute in the Underlying Action to determine its right to indemnity from Colony and AIX, that claim is premature. "It is well-settled … that [b]ecause an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." *Am. Nat. Fire Ins. Co. v. M/V Seaboard Victory*, No. 08-21811, 2009 WL 812024, at *1 (S.D. Fla. March 17, 2009) (internal quotation marks and citation omitted). This is because "[a]n insurer's duty to indemnify is narrower than its duty to defend and must be determined by analyzing the policy coverages in light of the actual facts in the underlying case." *Westchester Gen. Hosp., Inc. v. Evanston Ins. Co.*, No. 19-22831-CIV, 2020 WL 4501947, at *5 (S.D. Fla. May 4, 2020), *report and recommendation adopted,* No. 19-22831-CIV, 2020 WL 6870875 (S.D. Fla. July 13, 2020), *aff'd,* 48 F.4th 1298 (11th Cir. 2022). "The reason for this rule is obvious — facts ultimately adduced at trial and theories of liability in the underlying action may change as the underlying action progresses, which thus may alter the ultimate analysis as to an insurer's duty to indemnify." *Medmarc Cas. Ins. Co. v. Spinefrontier, Inc.*, No. 17-22875-CIV, 2018 WL 4929414, at *3 (S.D. Fla. Sept. 28, 2018).

Courts in this Circuit, even those that have considered *Higgins*, have still reached this conclusion. *See, e.g., Westchester*, 2020 WL 4501947, at *4–5 (S.D. Fla. May 4, 2020) (discussing *Higgins*, and still concluding that "any declaration as to the duty to indemnify is premature unless

12

there has been a resolution of the underlying claim"); *Atl. Cas. Ins. Co. v. Neely's Grog House, Inc.*, No. 18-14277-CV, 2019 WL 13216295, at *5–7 (S.D. Fla. Aug. 9, 2019) (same).

The authority in this Circuit makes clear that even in light of *Higgins*, a declaration that Colony must indemnify Burke for a loss he may incur in the Underlying Action is not ripe for judicial review at this time. Colony does not argue that the portion of Hartford's Complaint that seeks a declaration as to the duty to defend is unripe or otherwise warrants dismissal. However, based upon a review of the case law, Hartford's request for a declaration regarding the duty to indemnify-to the extent Hartford seeks a determination of liability based upon *facts* not yet determined in the Underlying Action, beyond a clarification of the terms of the contractual agreement, warrants dismissal. As such, Hartford should be given leave to amend its Complaint as necessary to reflect this reality.

### C. Property Damage Issue

Colony's final argument is that the property damage at issue occurred on or before April 2, 2019, which means the property damage occurred before the inception of its policy which began on April 6, 2019, and therefore the damage is not covered under its policy. [ECF No. 13 at 8]. Colony acknowledges that the Complaint is silent on the exact date the damage occurred. [*Id.* at 9]. Its conclusion that the damage occurred on or before April 2, 2019, is based on the deposition of Burke's representative, Anthony Burke, in the Underlying Action in which he was shown photographs dated April 2, 2019, and agreed that the pictures depicted cracks in the concrete slab. [*Id.*]. Consequently, Colony reasons that "the record reflects that the 'property damage' occurred on or before April 2, 2019, which was four-days prior to the inception of the [Colony] policy … [and therefore] Hartford fails to state a cause of action for coverage under the [Colony] policy because the property damage did not occur during … the policy period." [*Id.*].

13

The bulk of Hartford's response to this argument is that in reviewing a 12(b)(6) motion to dismiss the Court is limited to reviewing the facts alleged in the Complaint, and that the Court may not consider extrinsic evidence such as "cherry-picked" deposition testimony. [ECF No. 17 at 4–5]. Further, Hartford argues that at the motion to dismiss juncture, it is improper to determine the viability of the coverage issue without the Court considering the other evidence from discovery conducted in the Underlying Action or more adequate discovery being conducted in this case. [*Id.* at 5–7].

The Court need not even fully address the issue of whether it can consider the proffered deposition testimony. Even assuming *arguendo* that the Court were to consider the deposition testimony at face value, there would still be factual issues to resolve before concluding that the property damage at issue clearly occurred before Colony's policy came into effect. One such issue would be the one Hartford proposes, which is whether there were "multiple occurrences" comprising the property damage in question. [*Id.* at 6]. Colony argues we should not entertain such questions because "the underlying complaint attached as an exhibit to Hartford's Complaint in this case makes clear that they occurred at the latest: 'Within weeks of moving into the Premises, [when] substantial cracks and spalling developed in the Concrete Slab throughout the premises.'" [ECF No. 18 at 6]. This sort of factual discrepancy, however, is the exact sort of issue intended to be addressed during discovery, and if appropriate, eventually dealt with at the summary judgment stage. Further, consideration of a single deposition, in isolation of any other discovery that has been, or may be, conducted, is insufficient for this Court to definitively conclude that there is no set of facts under which Hartford could prove its case. Consequently, Colony's argument in this respect fails.

## **CONCLUSION**

For the reasons stated above it is **RECOMMENDED** that:

1. Plaintiff's Motion to Remand [ECF No. 16] be **DENIED**;

2. Defendant's Motion to Dismiss be **GRANTED in part and DENIED in part** as follows:

   A. The absence of the other parties in the Underlying Action does not constitute a basis for dismissal of the instant action at this juncture because they are not indispensable parties.

   B. The Court should order that Hartford join Burke and Erick as parties to this action as they are indispensable parties.

   C. The Motion to Dismiss should be granted as it relates to Defendant's argument that Plaintiff's request for declaratory relief regarding Defendant's duty to indemnify based upon issues of fact not yet determined in the Underlying Action is not ripe for judicial review. Plaintiff must amend its complaint in that regard.

   D. The Motion to Dismiss should be denied in all other respects.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**SIGNED** this 27th day of July, 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Kathleen M. Williams; and**

**All Counsel of Record**