**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 23-20250-CV-WILLIAMS**

HARTFORD CASUALTY INSURANCE
COMPANY,

    Plaintiff,

v.

COLONY INSURANCE COMPANY,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Lisette M. Reid's Report and Recommendation (DE 39) ("***Report***") on (i) the Motion to Remand to Florida State Court filed by Plaintiff Hartford Casualty Insurance Company ("***Plaintiff***") (DE 16) ("***Motion to Remand***") and (ii) the Motion to Dismiss filed by Defendant Colony Insurance Company ("***Defendant***") (DE 13) ("***Motion to Dismiss***"). In the Report, Judge Reid recommends that Plaintiff's Motion to Remand be denied and Defendant's Motion to Dismiss be granted in part and denied in part as follows: (i) the Court should order Plaintiff to join Burke Construction Group, Inc. ("***Burke***") and Erick Construction, Inc. ("***Erick***") because they are indispensable parties; (ii) the absence of the other parties in the underlying state court action does not constitute a basis for dismissal of the instant action at this juncture because they are not indispensable parties; (iii) the Motion to Dismiss should be granted as it relates to Defendant's argument that Plaintiff's request for declaratory relief regarding Defendant's duty to indemnify based upon issues of fact not yet determined in the underlying state court action is not ripe for judicial review, and

Plaintiff must amend its complaint in that regard; and (iv) the Motion to Dismiss should be denied in all other respects.  (DE 39 at 15.)  No objections were filed to the Report, and the time to object has passed.

Upon a careful review of the Report, the Motion, the record, and applicable law, it is **ORDERED AND ADJUDGED** that:

1. Judge Reid's Report (DE 39) is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Motion to Remand (DE 16) is **DENIED**.

3. Defendant's Motion to Dismiss (DE 13) is **GRANTED IN PART AND DENIED IN PART** as follows:

    i. Plaintiff shall join Burke and Erick because they are indispensable parties.

    ii. The absence of the other parties in the underlying state court action does not constitute a basis for dismissal of the instant action at this juncture because they are not indispensable parties.

    iii. The Motion to Dismiss is granted as it relates to Defendant's argument that Plaintiff's request for declaratory relief regarding Defendant's duty to indemnify based upon issues of fact not yet determined in the underlying state court action is not ripe for judicial review, and Plaintiff must amend its complaint in this regard on or before **August 25, 2023**.

    iv. The Motion to Dismiss is denied in all other respects.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>18th</u> day of August, 2023.

                                                      KATHLEEN M. WILLIAMS
                                                      UNITED STATES DISTRICT JUDGE